UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA WHITAKER

Plaintiff,

V.                                                                                CIVIL ACTION NO

MAX REVENUE CORP

Defendant.                                                                   MAY 16, 2014

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA");

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k

3. Plaintiff is a natural person who resides in Silver Springs, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and MCDCA.

6. Defendant is a foreign corporation and the Maryland Department of Assessment and Taxation has no record of a collection agency license for the Defendant in the State of Maryland.

7. Defendant's authority to do business and legal presence in the State of Maryland does not exist and violates the MD Collection agency Act.

8. Defendant has a principal place of business located at P.O. Box 1278, Lansdale, PA 19446-1278.

9. Defendant communicated with Plaintiff and others on and after October 31, 2013, in connection with collection efforts pertaining to Plaintiff's personal debt.

10. Defendant called Plaintiff via telephone and left a voicemail message on her voicemail stating *"This is a very important message for Donna Whitaker, it is not a sales or marketing call, it is an important matter pertaining to you. Call us back at (866) 683-2732."*

11. Defendant failed to advise Plaintiff (consumer debtor) that it was a collection agency.

12. Defendant failed to properly identify itself to the Plaintiff.

13. Defendant failed to send written correspondence to Plaintiff, after 5 days of this initial contact.

14. Defendant failed to advise the consumer debtor any of the required notice pursuant to §1692e (11)

15. Defendant failed to advise the Plaintiff any of the required information pursuant to §1692g including the validation of debts clause.

16. Defendant has inadequate procedures in place to avoid such errors.

17. In the collection efforts, the defendant violated the FDCPA; inter alia, §1692 e and g

## SECOND COUNT

18. The allegations of the First Count are repeated and realleged as if fully set forth herein.

19. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA"); Md. Ann. Code <u>Business Regulation</u> Collection Agencies § 7-301 et seq.

20. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff statutory damages pursuant to the MCDCA.

3. Award the Plaintiff costs of suit and a reasonable attorney's fee;

4. Award and such other and further relief as this Court may provide.

THE PLAINTIFF
BY /S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
Mitchells Chance Road, #244
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com